**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

BRENDA WALL,

                          Plaintiff,

          -against-

DO & CO NY CATERING, INC.,

                       Defendant,

---------------------------------------------------------------X

                                  **ORDER**
                            **ON MOTION**

              CV 18-3725 (JMA) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Plaintiff has filed a motion to compel the Defendant to respond (1) to post-judgment interrogatories and document demands, and (2) to appear for a Rule 30(b)(6) deposition, pursuant to Rule 69(a)(2) and 37(a).  *See* DE 39.  Defendant has filed any response to the motion.  For reasons which follow, the Plaintiff's motion is GRANTED, in part, and DENIED, in part.

**I.     BACKGROUND**

       On June 27, 2018, Plaintiff Brenda Wall ("Plaintiff") commenced this action against Defendant DO & CO NY Catering, Inc. ("Defendant") asserting claims for hostile work environment and retaliation based on her race, national origin and gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq*., the New York State Human Rights Law, N.Y. Exec. Law §290 *et seq*., and the New York City Human Rights Law, N.Y.C Admin. Code § 8-107.  *See generally* Complaint [DE 1].  Defendant served Plaintiff with an Offer of Judgment pursuant to Rule 68(a) of the Federal Rules of Civil Procedure.  Plaintiff accepted the Rule 68 Offer which was filed on ECF on March 12, 2021 [DE 35], after which the

Court entered judgment against the Defendant on March 17, 2021 in the amount of $450,000.00. *See* DE 36-37.

Plaintiff served the Defendant with post-judgment discovery, including interrogatories, requests for production of documents, and a notice for deposition under Rule 30(b)(6) on May 6 and May 7, 2021, respectively. *See* DE 39. Responses to the discovery demands were due June 5, 2020. *Id*. The date for which deposition was noticed was adjourned due to counsel for the parties' settlement discussions. *Id*. The parties were unable to reach a settlement and, according to Plaintiff's counsel, the Defendant has yet to respond to discovery despite repeated reminders through email and telephone by Plaintiff's counsel. *Id*.

## II.   DISCUSSION

"Post-judgment discovery is governed by Federal Rule of Civil Procedure 69...." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 134 S.Ct. 2250, 189 L.Ed.2d 234 (2014). Rule 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person— including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." *First Tech. Cap., Inc. v. Airborne, Inc.*, 380 F. Supp. 3d 217, 219–20 (W.D.N.Y. 2019) (quoting *EM Ltd.*, 695 F.3d at 207). "The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor." *Id*. (citing *Iron Workers Dist. Council of W. N.Y. &*

2

*Vicinity Pension Fund v. D.C. Scott, Inc.*, No. 10-CV-6373, 2013 WL 1004215, at *2 (W.D.N.Y. Mar. 13, 2013)); *see also Phoenix Bulk Carriers (BVI), Ltd. v. Triorient, LLC*, No. 20-CV-0936, 2021 WL 621226, at *2 (S.D.N.Y. Feb. 17, 2021) ("Precisely because discovery to enforce a judgment is employed to discover assets of a recalcitrant judgment debtor, judgment creditors 'must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'").  "Although discovery in aid of enforcement is 'broad,' the rules do not provide judgment creditors with unfettered license to go on a 'fishing expedition.'" *Phoenix Bulk Carriers*, 2021 WL 621226, at *2 (citation omitted).  Instead, "post-judgment discovery must be 'calculated to assist in collecting on a judgment.'" *Allstate Insurance Co. v. Mirvis*, No. 08-CV-4405, 2017 WL 10398552, at *1 (E.D.N.Y. Jan. 25, 2017) (quoting *EM Ltd.*, 695 F.3d at 207).

### A.    Interrogatories

Plaintiff has propounded 88 interrogatories, many of which contain several subparts.  *See* DE 39-3.  On its face, the number of interrogatories exceeds the scope of Rule 33.  Rule 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve *no more than 25 written interrogatories,* including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)."  Fed. R. Civ. P. 33(a)(1) (emphasis added).  "The party seeking leave to serve more than 25 interrogatories 'must set forth a 'particularized showing' to exceed the limit." *Black v. Buffalo Meat Serv., Inc.*, No. 15-CV-49, 2016 WL 4363506, at *7 (W.D.N.Y. Aug. 16, 2016) (citations omitted).  "Courts grant leave to exceed the limit when the benefit of discovery outweighs the potential burden on the responding party…. Courts generally deny requests for more than 25 interrogatories initially, preferring instead to consider requests to add interrogatories after a party has served 25

interrogatories and argues that additional interrogatories are needed." *Douglas v. Harry N. Abrams, Inc.*, No. 13-CV-2613, 2016 WL 11645646, at *3 (S.D.N.Y. Aug. 23, 2016) (citing *Black*, 2016 WL 4363506, at *7).

Plaintiff has provided no evidence of a stipulation permitting them to exceed the number of interrogatories authorized by Rule 33, nor has she explicitly moved for leave to do so.  While the number of interrogatories is problematic, the substance is of the interrogatories is valid.  Here, the interrogatories seek information broadly related to the Defendant's corporate status, corporate relationships, and financial assets.  Such information is relevant to the Defendant's ability to satisfy the judgment against it.  As such, the Court must resolve the tension arising from the Plaintiff's legitimate but excessive request.

Absent a "particularized showing" that the benefit of the requested discovery outweighs the potential burden on the Defendant, the Court will not compel responses to all 88 interrogatories at this time.  However, the Court will permit the Plaintiff to re-serve the Defendant with any 25 of the 88 interrogatories initially propounded.  **<u>Further, the Court hereby ORDERS the Defendant to produce substantive responses to those interrogatories within 21 days after receipt of service</u>**.  **<u>Any failure to comply with this Order will result in further action by the Court, including the prospect of sanctions with respect to both Defendant's counsel and the Defendant corporation.</u>**

Once Plaintiff's counsel has reviewed the responses from Defendant, if counsel has a good faith basis to serve further interrogatories, counsel may make an appropriate application to the Court If the Plaintiff wishes to serve any additional interrogatories, she must seek leave from the Court before doing so.   Counsel is reminded, as noted in *Black* that he must set forth a "particularized showing" to exceed the limit.

4

### B.       Request for Production of Documents

Plaintiff has propounded 35 requests to produce documents upon the Defendant.  *See* DE 39-3 at 23-28.  "The Federal Rules have no express limit on the number of document requests."  *Black*, 2016 WL 4363506, at *7 (citing 7 Moore's Federal Practice, § 34.02[3], at 34-11 (2006)); *see also* Fed. R. Civ. P. 33.  As with the interrogatories served by the Plaintiff, the substance of the document requests is valid.  Here, the document requests also seek information broadly related to the Defendant's corporate status, corporate relationships, and financial assets which are relevant to the Defendant's ability to satisfy the judgment against it.  The Court finds the requests reasonable.   Therefore, the Defendant is directed to produce substantive responses to the Plaintiff's requests for production of documents within 21 days of this Order.

### C.       Rule 30(b)(6) Deposition

Plaintiff has served a notice of deposition under Rule 30(b)(6) to depose a designated corporate representative of the corporate Defendant broadly regarding the Defendant's corporate status, corporate relationships, and financial assets.  *See* DE 39-2.  Defendant is directed to designate and produce a representative to appear for deposition under Rule 30(b)(6) within 60 days of this Order.

## III.   CONCLUSION

For the foregoing reasons, the Plaintiff's motion to compel is GRANTED, in part, consistent with the directives in this Order.

**SO ORDERED.**


Dated:  Central Islip, New York
          September 9, 2021                            /s/ A. Kathleen Tomlinson
                                                       A. KATHLEEN TOMLINSON
                                                       United States Magistrate Judge